UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRUCE JOHNSON, | ) | 1:04 CV F 5679 REC DLB P |
| Plaintiff, | ) ) ) | Findings AND RECOMMENDATION RE DISMISSAL OF ACTION |
| v. | ) | |
| T. VO, M.D., et al., | ) ) | |
| Defendants. | ) ) | |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. On November 8, 2004, the Court issued Findings and Recommendations recommending that defendants' motion to dismiss the complaint be granted and that plaintiff be granted leave to file an amended complaint. The District Judge adopted the recommendation on January 31, 2005 and plaintiff filed an amended complaint on March 2, 2005.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

      In the amended complaint, plaintiff names Dr. T. Vo, Dr. A. Yin and Dr. J. Moor as

defendants. He alleges that in the first several months of 2002 he was seen in the infirmary/clinic at CCI regarding a large lipoma located at the base of his head. He was seen by defendant Dr. Yin and he requested surgery as soon as possible due to the pain the lipoma was causing. Dr. Yin denied his request and ordered pain medication. Plaintiff alleges that he passed out and injured himself on September 12, 2002 and on December 20, 2002. He asserts that the lipoma is causing a great deal of pain and he has difficulty sleeping. He also states it is painful to get a haircut. Plaintiff alleges that he was seen by defendant Drs. Yin and Vo who were both told of his pain and suffering due to the lipoma. He alleges that defendant Dr. Moor denied his second level appeal request for removal of the lipoma stating that the requested surgery is cosmetic. Plaintiff alleges that defendants Dr. Yin and Vo were indifferent to his serious medical need. He requests compensatory damages and that he have surgery as soon as possible.

Plaintiff fails to state cognizable claims for relief against the named defendants. A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does

not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here, plaintiff disagrees with defendant doctors' course of treatment.  He disagrees that the removal of the lipoma is cosmetic.  However, as stated, a mere disagreement with treatment does not constitute cruel and unusual punishment in violation of the constitution.  Even if defendants mis-diagnosed plaintiffs' condition, such negligence would not be sufficient to state a claim for violation of plaintiffs' civil rights.  Plaintiff admits that he is receiving medical treatment, it is just not the treatment that he believes is necessary.  The constitution does not require that plaintiff receive his choice of medical care.

Plaintiff's allegations regarding Dr. Moor's denial of his appeal are also insufficient to state a cognizable claim for violation of his civil rights.  Prisoners have no constitutional right to an inmate grievance system.  Olim v. Wakinekona, 461 U.S. 238, 249 (1983).  Thus, the non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley, 997 F.2d at 495 (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Specifically, failure to process a grievance does not state a constitutional violation.  Buckley, 997 F.2d at 495.  Thus, a prison official's involvement and actions in reviewing prisoner's administrative appeal cannot serve

as the basis for liability under a § 1983 action.  <u>Buckley</u>, 997 F.2d at 495.

In summary, plaintiff's fails to state cognizable claims for relief against any of the named defendants and therefore the Court HEREBY RECOMMENDS that the amended complaint be DISMISSED in its entirety.  Because plaintiff has already been given the opportunity to amend the complaint to cure the deficiencies and was unable to do so, the Court recommends that the dismissal be without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 10, 2005**                          /s/ Dennis L. Beck
3b142a                                              UNITED STATES MAGISTRATE JUDGE